UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>Daniel Lee Buxman fptr JLR Enterprises ods PDS Services Inc.<br>Peggy Jo Burkey fptr JLR Enterprises ods PDS Services Inc.,<br><br>Debtors<br><br>Wells Fargo Bank, N.A.,<br><br>v.<br><br>Daniel Lee Buxman and Peggy Jo Burkey, Debtors; and<br>Adam M Goodman, Chapter 13 Trustee | Case No. 17-16652-TBM<br><br>(Chapter 13)<br><br>**Honorable Judge Thomas B. McNamara** |

**MOTION OF WELLS FARGO BANK, N.A. FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(D)(1) AND (2) AS IT RELATES TO THE PROPERTY LOCATED AT 6407 ASHCROFT RD, GREELEY, CO 80634-9599**

Secured Creditor Wells Fargo Bank, N.A. ("Movant"), through its counsel, McCarthy & Holthus, LLP, hereby moves (this "Motion") the Court for an order terminating the automatic stay under 11 U.S.C. § 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), as to Movant so that it may proceed under applicable non-bankruptcy law to enforce its rights and remedies against the real property located at 6407 Ashcroft Rd, Greeley, CO 80634-9599 (the "Property").

## I.
## BACKGROUND FACTS

1. Movant is a secured creditor of Daniel L Buxman.

2. Daniel Lee Buxman and Peggy Jo Burkey (the "Debtors") filed a Chapter 13 bankruptcy petition on July 18, 2017. A Plan was confirmed on November 24, 2017.

3. Adam M Goodman (the "Trustee") was appointed and is currently acting as the Chapter 13 Trustee in the Debtors' bankruptcy case.

4. The Property that is the subject of this Motion is improved by a single family residence located at 6407 Ashcroft Rd, Greeley, CO 80634-9599 (the "Property").

5. The first legal action with respect to the foreclosure of the Property was completed on November 30, 2016. The foreclosure action is currently being stayed from week to week pursuant to statute due to the filing of the instant bankruptcy petition.

6. As set forth in the affidavit attached hereto as **Exhibit "1"** pursuant to L.B.R. 4001-1(a)(4)(E) and 4002-3(c), the Debtors are not in the military service.

A. **The Loan: Collateral and Debt**

7. On or about May 4, 2007, Daniel L Buxman executed and delivered to World Savings Bank, FSB ("Original Lender") that certain Promissory Note in the principal sum of $619,000.00 (hereinafter, the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit "2"**.

8. In order to secure repayment of the Note, Daniel L Buxman executed in writing and delivered to Original Lender that certain Deed of Trust (the "Deed of Trust") pursuant to which he granted the Original Lender a first lien in the Property, as recorded May 14, 2007, at Reception Number 3475800 in the Office of the County Clerk and Recorder of Weld, Colorado. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "3"**. The Property is more particularly described in **Exhibit "3,"** together with all the structures and improvements thereon.

9. World Savings Bank, FSB merged with Wachovia Mortgage, FSB, and Wachovia Mortgage, FSB is now known as Wells Fargo Bank, N.A. Attached hereto collectively as **Exhibit "4"** are true and correct copies of the documentation of the mergers

10. Daniel L Buxman executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Movant or has been duly indorsed. Movant, directly or through an agent, has possession of the promissory note. Movant is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

11. The terms of the Note and Deed of Trust were modified by a loan modification agreement between Daniel L Buxman and Wells Fargo Bank, N.A. dated on or about April 9, 2014 (the "Loan Modification Agreement"). Attached hereto as **Exhibit "5"** is a true and correct copy of the Loan Modification Agreement.

12. The Debtor is not currently under active review for loss mitigation.

13. After giving credit for all payments and just offsets, the estimated total debt owed by Debtors to Movant with respect to the loan totals $663,021.24 as of May 15, 2019, calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance: | $620,311.15 |
| Accrued interest as of 05/15/2019: | $33,104.35 |
| Escrow Advance: | $8,144.16 |

| | | |
|---|---|---|
| Pro Rata MIP/PMI: | | $0.00 |
| Corporate Advances: | | $2,141.00 |
| Late Charges: | | $338.37 |
| Suspense balance credit: | | ($1,017.79) |
| **Estimated Total Debt:** | | **$663,021.24** |

**B.     The Value of the Property**

      14.     In Debtors' bankruptcy schedules, the Debtors indicated an estimated value of $599,511.00 for the Property.

      15.     The Debtors have little or no equity in the Property when the encumbrances, potential foreclosure fees and costs, and potential costs of resale are combined, as summarized below:

| Name | Obligation | Amount |
|---|---|---|
| Value of the Property | As Scheduled | $599,511.00 |
| Movant | First Deed of Trust | $663,021.24 |
| Internal Revenue Service | As Scheduled | $7,561.00 |
| Internal Revenue Service | As Scheduled | $20.00 |
| **Equity Deficit:** | | **-$71,091.24** |

## II.
## DEFAULT

      16.     The estimated pre-petition arrearages owed as of May 15, 2019 are $66,303.11, detailed as follows:

| | |
|---|---|
| **Estimated Total Arrearage as of 05/15/2019** | |
| 10 Missed Payments of $2,774.16 each (10/15 to 7/16) | $27,741.60 |
| 9 Missed Payments of $2,834.67 each (8/16 to 4/17) | $25,512.03 |
| 1 Missed Payments of $2,856.72 each (5/17) | $2,856.72 |
| 2 Missed Payments of $3,171.80 each (6/17 to 7/17) | $6,343.60 |
| Escrow Shortage | $1,639.79 |
| Late Charges | $338.37 |
| Foreclosure Attorney Fees | $1,485.00 |
| Foreclosure Filing Fees and Court Costs | $236.00 |
| Foreclosure Advertisement | $45.00 |
| Foreclosure Title Costs | $105.00 |
| **Estimated Total Arrearage** | **$66,303.11** |

17. The estimated total post-petition default amount as of May 15, 2019 is $10,933.76, calculated as follows:

| | |
|---|---|
| 3 Payments at $3,644.69 each (3/1/19 to 5/1/19): | $10,934.07 |
| Post-Petition Suspense: | ($0.31) |
| **Estimated Total Post-Petition Default:** | **$10,933.76** |

18. The Debtors have defaulted under the terms of the Note and Deed of Trust by failing to make monthly mortgage payments as due. Attached hereto as **Exhibit "6"** is a copy of the Post-Petition Payment History for the loan.

## III.
## LEGAL ANALYSIS

19. Pursuant to 11 U.S.C. § 362(d)(1) and (2), Movant requests that the Court terminate the automatic stay provision of 11 U.S.C. § 362(a) to allow it to exercise any and all of its non-bankruptcy rights in and to the Property, including but not limited to, commencing or completing the non-judicial foreclosure of it's lien on the property.

A. **The Automatic Stay Must be Terminated under 11 U.S.C. § 362(d)(2) as to Movant because the Debtors have no Equity in the Property and the Property is not Necessary to an Effective Reorganization**

   i. **The First Element of 11 U.S.C. § 362(d)(2) is Satisfied because the Debtors do not have Equity in the Property.**

20. 11 U.S.C. § 362(d)(2) "instructs the Court to grant relief from stay if, (i) the Debtors do not have any equity in the property, and (ii) if such property is not necessary to an effective reorganization." *In re Gunnison Center Apartments*, 320 B.R. at 401. The Debtors have the burden of proving that the property is "necessary to an effective reorganization." *Id.* at 402. Even if the property is the sole asset of the Debtors, that alone is not sufficient to deny a motion for stay relief. *Id*.

21. The property value, for purposes of this motion should be reduced by the potential foreclosure fees and costs as well as the potential subsequent resale costs and weighed against the increasing debt amount. See: *In re Mountain Side Holdings, Inc.* 142 B.R. 421, 423 (Bankr.D.Colo.1992); *In re Steffens*, 275 B.R. 570 (Bankr.D.Colo.2002); and *In re Dickinson*, 185 B.R. 76 (Bankr.D.Colo.1992). Reducing the value of the property by approximately 6% leaves very little to no equity cushion available to protect Movant's interests in the property. Debtors have no measurable equity in the property. Thus, neither the Debtors nor the bankruptcy estate have equity in the Property and 11 U.S.C. § 362(d)(2)(i) has been satisfied.

   ii. **The Second Element of 11 U.S.C. § 362(d)(2) is Satisfied because the Property is not Necessary for Reorganization**

4

      22.     The second element of 11 U.S.C. § 362 (d) (2) is also satisfied because Debtor is not current in their post-petition obligation with regard to the Note. Any reorganization under the Chapter 13 Plan would not be an effective reorganization, as the loan would be delinquent when the final plan payment is made. Therefore, because any reorganization would not be an *effective* reorganization with respect to this property, the second element under 11 U.S.C. § 362 (d) (2) is satisfied.

      23.     Movant has satisfied the second element for stay relief under Section 362(a)(2) and the Court must immediately terminate the automatic stay as to Movant to allow it to exercise its non-bankruptcy rights and remedies against the Property.

**B.**     **Relief from the Automatic Stay is Warranted Under 11 U.S.C. § 362(d)(1) for Lack of Adequate Protection**

      24.     Section 362(d)(1) provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

      25.     The Bankruptcy Code does not define "cause" within the meaning of the statute and must be determined on a case by case basis. See *In re Jewett*, 146 B.R. 250, 251 (9th Cir. BAP 1992) ("the question of whether cause exists for relief from the automatic stay must be determined on a case by case basis in the bankruptcy court's discretion."). However, 11 U.S.C. § 362(d)(1) specifically identifies lack of adequate protection as "cause" for relief from the automatic stay. See *Sun Valley Ranches, Inc. v. Equitable Life Assurance Society of the United States* (*In re Sun Valley Ranches, Inc.*), 823 f.2d 1373, 1375 (9th cir. 1987).

      26.     Pursuant to 11 U.S.C. 1307(c)(6), the Court may dismiss a Chapter 13 case for "material default by the debtor with respect to a term of a confirmed plan." Dismissing the entire bankruptcy case may not be in the best interest of creditors. However, given that Debtor is not current in his obligation to Movant and thus any reorganization under the Chapter 13 Plan will not be an effective reorganization as to Movant, Movant should be granted relief from stay to pursue available state law remedies with respect to the Property

      27.     Debtors failed to make post-petition mortgage payments as due, pursuant to the terms of the Note, Deed of Trust, and Confirmed Chapter 13 Plan. Such a default constitutes a material default under 11 U.S.C. 1307(c)(6) and is "for cause" grounds for relief from stay under 11 U.S.C. § 362(d)(1). An ongoing post-petition default in a debtor's payment of the regular mortgage payments can constitute sufficient cause for relief from the automatic stay. See *In re Binder*, 224 B.R. 483 (Bankr.D.Colo. 1998); *In re Ellis*, 60 B.R. 432 at 435 (9th Cir. BAP 1985). Each payment the Debtors fail to pay yields compounded interest and an overall increase in the total debt owed to Movant. Movant is not adequately protected and relief from stay is warranted.

28. Further, this is an escrowed loan. As of May 15, 2019, Movant has advanced $8,144.16 for taxes and insurance. Each payment that Debtors fail to pay yields additional funds for taxes and insurance that must be advanced by Movant to protect its interest in the Property and prevent tax liens from being charged upon the Property.

29. The stay is contributing to an increase in debt in the form of accruing interest, tax disbursements, and insurance premiums. This only further erodes any equity cushion that may be present and leaves Movant wholly without adequate protection. Therefore, it is undisputed that Movant's interest in the Property is not adequately protected, justifying immediate stay relief under 11 U.S.C. § 362(d)(1).

## IV.
## CONCLUSION

WHEREFORE, for the forgoing reasons, Movant respectfully requests that the Court enter an Order terminating the automatic stay under 11 U.S.C. § 362(a) of the Bankruptcy Code as to Movant to allow it to proceed with its non-bankruptcy remedies against the Property, and provide Movant any further relief the Court deems just and appropriate.

Movant further requests the order to include a provision allowing the Trustee to cease making distributions toward Movant's secured claim once the automatic stay is terminated and that Movant shall be exempted from further compliance with FRBP 3002.1 for this case.

Dated this 3rd day of June, 2019.      McCarthy & Holthus, LLP

By: */s/ Holly Shilliday*
Holly Shilliday, Esq. Atty. Reg. No. 24423
Ilene Dell'Acqua, Esq. Atty. Reg. No. 31755
7700 E. Arapahoe Road, Ste. 230
Centennial, CO 80112
Telephone: (877) 369-6122
E-mail: hshilliday@mccarthyholthus.com
      idellacqua@mccarthyholthus.com
Attorneys for Wells Fargo Bank, N.A.

**SUMMARY OF DEFAULT AS TO PAYMENT OF A CONSUMER DEBT PURSUANT TO L.B.R. 4001-1(a)(4)(B)**

| | |
|---|---|
| 3 Months at $3,644.69 each (3/1/2019 to 5/1/2019): | $10,934.07 |
| Partial Payment Suspense: | -$0.31 |
| Current delinquency: | $10,933.76 |

| | |
|---|---|
| Total post-petition payments that have come due since case filed: | $75,310.20 |
| Total post-petition payments received since case filed: | $64,376.44 |
| Current delinquency: | $10,933.76 |

File No. CO-17-138071
Motion for Relief, Case No. 17-16652-TBM